UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JASON TOMLINSON** | **CIVIL ACTION NO. 2:13-cv-12** |
| A#041358488; Reg. #51191-265 | **SECTION P** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **D. DEVILLE** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed by *pro se* plaintiff Jason Tomlinson ("Tomlinson") arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Tomlinson claims that defendant D. Deville ("Deville"), an officer at the Federal Detention Center in Oakdale, Louisiana, denied Tomlinson his right to eat for seven days. Specifically, Tomlinson asserts that because Deville ordered him placed on "bag-meal sanction" and he could not eat because the bags contained apples, to which Tomlinson is allergic. He therefore asks this court to award him damages in the amount of $14,000 ($2,000 for each day he was on bag-meal sanction), and also that he grant him injunctive relief by suspending Deville from work for a week without pay.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Because the undersigned finds Tomlinson's claims do not establish that he suffered any constitutionally protected injury, it is recommended that the complaint be **DISMISSED WITH PREJUDICE.** Furthermore, because Tomlinson is no longer in United States custody, his demand for injunctive relief is moot.

# I. BACKGROUND

At the time of filing, Tomlinson was an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement. Tomlinson, a native and citizen of Jamaica, has since been removed from the United States. *Tomlinson v. Napolitano,* 2:12-493, U.S. District Court, Western District of Louisiana (Lake Charles).

In his complaint, Tomlinson states that Deville and another officer conducted a routine search of his cell. Tomlinson was not in the cell at the time of the search but was later told about it by his cellmate. Upon returning to his cell Tomlinson inventoried his belongings and found that some legal paperwork was missing. He questioned why the papers were taken and was told by an officer that they were contraband.

Shortly thereafter lunch was served through a slot on the cell door. After Tomlinson received his lunch he put his arm through the door slot and demanded to speak with the lieutenant who took his paper work. Deville again told Tomlinson that the papers were contraband and further that pornographic material had been found in his room. Deville then ordered Tomlinson to remove his arm from the door slot but Tomlinson did not immediately comply. For refusing to remove his arm Deville put Tomlinson on bag-meal sanction for seven days, beginning with dinner that evening. When Tomlinson received his dinner, he claimed he could not eat it because the bag contained an apple to which Tomlinson claims he is allergic.

Tomlinson states due to his apple allergy he could not eat for the entire weeklong duration of the bag-meal sanction because every bag he received for his meals had an apple in it. He further claims that he told staff members of his predicament, but that they told him nothing

could be done because Deville was their superior. Finally, Tomlinson claims that he survived the bag meal sanction by drinking water and eating whatever food his cellmate gave to him.

As relief for the above, plaintiff asks for compensatory damages in the amount of $2,000 per day for each day of the sanction, or that defendant Deville be suspended for one week without pay. Considering that plaintiff has been released from custody, his remedies, if any, are solely for damages.

## II. LEGAL STANDARDS

### A. Screening of Claims

Pursuant to 28 U.S.C.1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See, 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).

A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. *Bivens* Action/ 42 U.S.C. § 1983

As noted plaintiff has filed a *Bivens* action. According to the Fifth Circuit, a *Bivens* action is analogous to a statutory action brought under 28 U.S.C. § 1983 and thus the analysis of

a *Bivens* action is the same as a 1983 action. *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005).

Section 1983 and *Bivens* proscribe conduct by any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. Thus, an initial inquiry in a *Bivens* lawsuit is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable *Bivens* claim. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

**C. Detainee's Rights**

An immigration detainee is equivalent to a pretrial detainee, *see, e.g.*, *Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000), and a detainee's constitutional rights arise from "both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Under Fifth Circuit jurisprudence, in order to determine the appropriate standard for analysis of constitutional challenges to a detainee's civil rights, courts are directed to first classify the challenge as either an attack on a "condition of confinement" or as an "episodic act or omission." *Flores v. Cnty. of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997) (citing *Hare*, 74 F.3d at 644).

When a detainee complains of conditions of confinement, the constitutional challenge is to the "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare*, 74 F.3d at 644. On the other hand, complaints of episodic acts or omissions point to particular acts or omissions of one or more officials, and the court's analysis focuses on "whether [the] official

breached his constitutional duty to tend to the basic human needs of persons in his charge." *Id.* at 645.  An official breaches that duty if he acts with deliberate indifference. *Id.* at 647–48.

The deliberate-indifference standard for alleged violations of a detainee's due-process is substantially equivalent to the Eighth Amendment protections available to a convicted prisoner. *Id.* at 644.  Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. A defendant must have the subjective intent to cause harm.  *Id.* Put simply, deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Under the deliberate-indifference standard it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. *Id.*  In other words, a civil rights plaintiff must allege and prove that each named defendant knew of and then disregarded an excessive risk of injury to him and that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they in fact drew that inference. *Id.* at 837; *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference must be shown as to every named defendant). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. ANALYSIS

Tomlinson's complains that his constitutional rights were violated by an episodic act or omission (the bag-meal sanction which forced plaintiff to go hungry due to his apple allergy) by a particular defendant (Deville). Accordingly, Tomlinson must establish that Deville acted with deliberate indifference to his needs.

**A. Bag-Meal Sanction**

Contrary to his conclusory allegations, the facts alleged by Tomlinson fall far short of establishing that Deville acted with deliberate indifference.

The deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment if it denies an inmate the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Tomlinson cannot establish that he was denied minimal needs; in fact, Tomlinson did not allege *any* injury resulting from the bag meal sanction. He did not allege that he lost weight or that his health was otherwise put at risk. Tomlinson acknowledges that he ate food given to him by his cellmate and that he was trying to get his medical records to show proof of his alleged allergy to apples. He does not allege that Deville even knew about this allergy, much less that he disregarded an excessive risk of injury to Tomlinson.

Tomlinson's allegations do not show that he was denied the minimal civilized measure of life's necessities such that they amounted to a cruel and unusual punishment. Plaintiff claims in this regard should therefore be dismissed as frivolous and for failure to state a claim for which relief may be granted.

*B. Injunctive Relief*

Tomlinson asks this court to suspend Deville from work, without pay, for one week. As Tomlinson has been released from custody after he filed his complaint, his request for injunctive relief is now moot.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**, *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 3rd day of September, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE